KRISTOL BRADLEY GINAPP
Nevada Bar No. 8468
E-Mail: Kristol.Ginapp@lewisbrisbois.com
CAYLA WITTY
Nevada Bar No. 12897
E-Mail: Cayla.Witty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

Attorneys for Defendant Jessica Helsley

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENELL K. HOFFMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RED WING BRANDS OF AMERICA, INC., a Minnesota corporation; JESSICA HELSLEY, an individual; JASON PFAU, an individual; and CHARLES CAVANHAGH, an individual, inclusive,<br><br>Defendants. | CASE NO. 3:13-cv-00633-LRH-VPC<br><br>**DEFENDANT JESSICA HELSLEY'S MEMORANDUM OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO HELSLEY'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Jessica Helsley, by and through her counsel of record, Kristol Bradley Ginapp, Esq. of the law firm Lewis Brisbois Bisgaard & Smith LP, hereby objects to the evidence submitted by Plaintiff Jenell K. Hoffman in support of Plaintiff's Opposition to Defendant Helsley's Motion for Summary Judgment pursuant to Federal Rule of Evidence 56(c)(2). Defendant Helsley specifically reserves her right to raise additional objections to the evidence proffered by Plaintiff.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                                          3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

## OBJECTIONS TO EVIDENCE

**A.     GENERAL OBJECTIONS**

Helsley generally objects to the evidence and exhibits proffered by Plaintiff as follows:

**1.     Helsley objects to the consideration of evidence not specifically identified in Plaintiff's Opposition to Helsley's Motion for Summary Judgment.**

Defendant Helsley objects to the consideration of any exhibits or evidence submitted by Plaintiff in her joint exhibits to the motions for summary judgment filed by the four defendants in this matter which were not specifically identified in Plaintiff's Opposition to Helsley's Motion for Summary Judgment.   Federal Rule of Civil Procedure 56 requires that "[a] party asserting that a fact…is genuinely disputed must support the assertions by: (A) citing to particular parts of materials in the record…or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or than an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Further, Local Rule 56-1 requires:

> Motions for summary judgment and responses thereto shall include a concise statement setting forth each fact material to the disposition of the motion, which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies.

While Plaintiff purports to include a "Concise Statement of Facts" pursuant to Local Rule 56-1,[1] she also incorporates by reference a 19-page narrative statement containing numerous references to factual allegations and exhibits not cited in Plaintiff's Opposition to Helsley's motion.   The obvious purpose of FRCP 56 and Local Rule 56-1 is to require parties to clearly identify for the Court and the adverse party the facts which are in dispute.  Plaintiff's rambling 19-page narrative, purportedly applicable to all defendants and all causes of action, does not conform to the spirit of the rules.  It would be impossible for, not to mention manifestly unjust to require, Helsley to sift through the narrative statement to identify with any particularity which, if any, of

---

[1] Helsley contends that Plaintiff's Concise Statement of Facts does not comport with the language and spirit of Rule 56-1 as it repeatedly fails to identify the "particular portions" of each piece of evidence upon which it relies.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    the factual allegations or exhibits referenced in the narrative section, but not the actual Opposition

2    to Helsley's motion, were intended to address the claims against Helsley. Helsley therefore objects

3    to the consideration of any such evidence by the Court for its determination of Helsley's Motion

4    for Summary Judgment.

5         Should it come to light that Plaintiff intended to rely on any such exhibits not specifically

6    identified in support of her Opposition to Helsley's motion, Helsley expressly requests the Court

7    grant her leave to address any such fact or evidence at such time pursuant to Federal Rule of Civil

8    Procedure 56(e)(1).

9         **2.    Helsley objects to the consideration of exhibits, argument, and contention
              lacking the proper evidentiary foundation.**

10

11        Plaintiff's Opposition is replete with argument and alleged "factual" contention offered as

12   evidence, but which suffer from a complete lack evidentiary foundation.   Plaintiff submits

13   countless hours of video and audio recordings upon which factual contentions are purportedly

14   based, but which are wholly unsubstantiated by testimony through affidavit, declaration, or

15   deposition.  The same is true for volumes of other documentary evidence produced by Plaintiff.

16        In many instances throughout Plaintiff's Opposition, Plaintiff simply asserts "facts"

17   without event attempting to support such claim through admissible evidence.  At countless times

18   throughout the Opposition, Plaintiff engages in argument and contention without any citation to

19   tangible evidence.  At best, Plaintiff's assertions can be characterized as Plaintiff's speculation or

20   conjecture regarding what occurred or what the evidence as a whole shows.   At worst, the

21   "factual" assertions border on improper testimony of counsel.

22        Rule 56 requires that the parties present evidence on summary judgment that could be

23   presented in an admissible form at trial.  This, at a minimum, requires a basic demonstration of

24   foundation through a proper witness for trial. Fed. R. Evid. 901(a); *Bank of America v. Orr*, 285

25   F.3d 764, 764 (9th Cir. 2002).   Except as it relates to very limited instances of deposition

26   testimony, Plaintiff's Opposition to Helsley's Motion for Summary Judgment entirely fails to

27   conform to the basic requirements for admissibility. Helsley therefore objects to the Court's

28   consideration of any evidence set forth without the proper foundation for the determination of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Helsley's Motion for Summary Judgment.

2  **B.    SPECIFIC OBJECTIONS**

3      Helsley specifically objects to the following exhibits proffered by Plaintiff in support of

4  her Opposition to Helsley's Motion for Summary Judgment.

5      **1.    Exhibit 1.1 – Deposition of Jenell Hoffman (video)**

6      In addition to the general objections set forth above, Helsley specifically objects to the use

7  of Exhibit 1.1 to support the Plaintiff's Opposition as follows:

8      (a)    *Deficient references.* Plaintiff fails to cite with specificity the date and time, or

9  other location, of the testimony supporting the statement within Exhibit 1.1, referencing only

10  "Exh. 1.1" generally. The Court is not obliged to undertake the burden of reviewing the entire

11  deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the

12  evidence. *Orr*, 285 F.3d at 774-75.

13     (b)    *Cumulative.* In light of the fact that Plaintiff has also included the entire transcripts

14  of her deposition testimony, the video of her deposition contained in Exhibit 1.1 amounts to the

15  needless presentation of cumulative evidence.  The inclusion of the videotaped deposition, devoid

16  of proper citation, is an obvious attempt by Plaintiff to unfairly prejudice the Court against

17  Defendants through the presentation of evidence of Plaintiff's affect during her deposition, which

18  has no relevance to the issues presented in the instant motion.  Thus, Exhibit 1.1 is should be

19  excluded pursuant to Fed. R. Evid. 401 and 403.

20     These objections apply not only to the admissibility of Exhibit 1.1, but also to the

21  admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

22  exhibit.

23     **2.    Exhibit 1.3 – Security Video Footage: January 24, 2012**

24     In addition to the general objections set forth above, Helsley specifically objects to the use

25  of Exhibit 1.3 to support the Plaintiff's Opposition as follows:

26     (a)    *Deficient references.* Plaintiff never cites with specificity the time, or other

27  location, of the alleged evidence being offered in support of the statement within Exhibit 1.3,

28  referencing only "Exh. 1.3" generally.  Exhibit 1.3 contains a video covering a time period of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    approximately 22 hours and 41 minutes. The Court is not obliged to undertake the burden of

2    reviewing the entire video in search of plaintiff's evidence and the defect warrants exclusion of the

3    evidence. *Orr*, 285 F.3d at 774-75.

4          (b)    *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by

5    affidavit or otherwise – to support her contention that the video footage in Exhibit 1.3 represents

6    what Plaintiff's argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

7          (c)    *Relevance.* Plaintiff offers Exhibit 1.3 in an effort to dispute the element of

8    Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

9    against Helsley.  However, Plaintiff fails to establish the relevance of the security video footage

10   contained in Exhibit 1.3 to Helsley's state of mind.  Indeed, as offered, the evidence and argument

11   only focus on Plaintiff's state of mind, which is not at issue in the present motion.  Accordingly,

12   the evidence has no probative value regarding any material fact at issue and is, therefore,

13   inadmissible. Fed. R. Evid. 401.

14         (d)    The quality, resolution, and angle of the video contained in Exhibit 1.3 are

15   inadequate rendering the content indistinct regarding the purpose for which it is offered. Fed. R.

16   Evid. 401, 403.

17         (e)    The video omits important related material – sound – the exclusion of which

18   renders the evidence confusing, misleading, and incomplete for the purposes for which it is being

19   offered. Fed. R. Evid. 403.

20         These objections apply not only to the admissibility of Exhibit 1.3, but also to the

21   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

22   exhibit.

23         **3.**    **Exhibit 1.6 – Security Video Footage: February 18, 2012**

24         In addition to the general objections set forth above, Helsley specifically objects to the use

25   of Exhibit 1.6 to support the Plaintiff's Opposition as follows:

26         (a)    *Deficient references.* Plaintiff never cites with specificity the time, or other

27   location, of the alleged evidence being offered in support of the statement within Exhibit 1.6,

28   referencing only "Exh. 1.6" generally.  Exhibit 1.6 contains a video covering a time period of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1           5           3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1  nearly 24 hours. The Court is not obliged to undertake the burden of reviewing the entire video in

2  search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at

3  774-75.

4        (b)    *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by

5  affidavit or otherwise – to support her contention that the video footage in Exhibit 1.6 represents

6  what Plaintiff's argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

7        (c)    *Relevance.* Plaintiff offers Exhibit 1.6 in an effort to dispute the element of

8  Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

9  against Helsley.  However, Plaintiff fails to establish the relevance of the security video footage

10 contained in Exhibit 1.6 to Helsley's intent.  Plaintiff even fails to establish that Helsley is present

11 at any time during the video.  Accordingly, the evidence has no probative value regarding any

12 material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

13       (d)    *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 1.6,

14 Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

15 claims, rendering the contents of Exhibit 1.6 irrelevant and inadmissible pursuant to Fed. R. Evid.

16 401 and 403.

17       (d)    The quality, resolution, and angle of the video contained in Exhibit 1.6 are

18 inadequate rendering the content indistinct regarding the purpose for which it is offered. Fed. R.

19 Evid. 401, 403.

20       (e)    The video omits important related material – sound – the exclusion of which

21 renders the evidence confusing, misleading, and incomplete for the purposes for which it is being

22 offered. Fed. R. Evid. 403.

23       These objections apply not only to the admissibility of Exhibit 1.6, but also to the

24 admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

25 exhibit.

26       **4.**    **Exhibit 1.14 – Security Video Footage: April 20, 2012**

27       In addition to the general objections set forth above, Helsley specifically objects to the use

28 of Exhibit 1.14 to support the Plaintiff's Opposition as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (a)    *Deficient references.* Plaintiff does not consistently cite with specificity the time, or

2  other location, of the alleged evidence being offered in support of the statement within Exhibit

3  1.14, often referencing only "Exh. 1.14" generally.  Exhibit 1.14 contains a video covering a time

4  period of approximately 12 hours. The Court is not obliged to undertake the burden of reviewing

5  the entire video in search of plaintiff's evidence and the defect warrants exclusion of the evidence.

6  *Orr*, 285 F.3d at 774-75.

7    (b)    *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by

8  affidavit or otherwise – to support her contention that the video footage in Exhibit 1.14 represents

9  what Plaintiff's argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

10    (c)    *Speculation.* Every instance for which Plaintiff offers Exhibit 1.14 as evidence

11  requires the Court to speculate (or, more specifically, buy into Plaintiff's speculation) as to what

12  the video is actually depicting.  Speculation is not admissible evidence and, to that end, does not

13  represent evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989)

14  (speculative and/or conclusory allegations that are unsupported by admissible evidence are insufficient

15  to overcome summary judgment).

16    (d)    *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 1.14,

17  Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

18  claims, rendering the contents of Exhibit 1.14 irrelevant and inadmissible pursuant to Fed. R.

19  Evid. 401 and 403.

20    (d)    The quality, resolution, and angle of the video contained in Exhibit 1.14 are

21  inadequate rendering the content indistinct regarding the purpose for which it is offered. Fed. R.

22  Evid. 401, 403.

23    (e)    The video omits important related material – sound – the exclusion of which

24  renders the evidence confusing, misleading, and incomplete for the purposes for which it is being

25  offered. Fed. R. Evid. 403.

26    These objections apply not only to the admissibility of Exhibit 1.14, but also to the

27  admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

28  exhibit.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

5.     **Exhibit 2 – Deposition of Jenell K. Tarpey (Vol. I – May 22, 2014; Vol. II – July 24, 2014)**

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 2 to support the Plaintiff's Opposition as follows:

(a)     *Deficient references.* Plaintiff does not consistently cite with specificity the page and line numbers of the alleged testimony being offered in support of her argument within Exhibit 2, often referencing only "Exh. 2" generally.   Exhibit 2 is the entire transcript of Plaintiff's deposition, which spanned two days and contains nearly 450 pages of testimony. The Court is not obliged to undertake the burden of reviewing the entire deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

(b)     *Misrepresentation of evidence.*   In every instance that Plaintiff cites Exhibit 2, Plaintiff misrepresents its contents such that the cited testimony does not actually provided any evidentiary support for Plaintiff's argument, rendering the contents of Exhibit 2 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

(c)     *Relevance.* Plaintiff offers Exhibit 2 in an effort to dispute the element of Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged against Helsley. However, Plaintiff fails to establish the relevance of the testimony cited to Helsley's state of mind. Indeed, as offered, the bulk of the testimony offered only focuses on Plaintiff's own state of mind, which is not at issue in the present motion.   Accordingly, the evidence has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

These objections apply not only to the admissibility of Exhibit 2, but also to the admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit.

6.     **Exhibit 3 – Deposition of Jessica Helsley (May 23, 2014)**

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 3 to support the Plaintiff's Opposition as follows:

(a)     *Deficient references.* Plaintiff does not consistently cite with specificity the page and line numbers of the alleged testimony being offered in support of her argument within Exhibit

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.  For example, at in Plaintiff's Concise Statement of Facts supporting her Opposition, at fact #7, Plaintiff merely references only "Exh. 3" generally.  Exhibit 3 is the entire transcript of Plaintiff's deposition, which includes approximately 130 pages of testimony. The Court is not obliged to undertake the burden of reviewing the entire deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

These objections apply not only to the admissibility of Exhibit 3, but also to the admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit.

### 7.   Exhibit 4 – Deposition of Jason Pfau (June 12, 2014)

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 4 to support the Plaintiff's Opposition as follows:

(a)   *Deficient references.* Plaintiff does not cite with specificity the page and line numbers of the alleged testimony being offered in support of her argument within Exhibit 4. Specifically, Plaintiff cites Exhibit 4 solely in support of Plaintiff's Concise Statement of Facts supporting her Opposition, at fact #2, merely references only "Exh. 4" generally.  Exhibit 4 is the entire transcript of Plaintiff's deposition, encompassing approximately 160 pages of testimony. The Court is not obliged to undertake the burden of reviewing the entire deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

(b)   *Relevance.* Plaintiff offers Exhibit 4 in an effort to dispute the element of Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged against Helsley. However, Plaintiff fails to establish the relevance of the testimony contained in Exhibit 4 to Helsley's state of mind.  Accordingly, the evidence has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

(c)   *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 4, Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff claims, rendering the contents of Exhibit 4 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    These objections apply not only to the admissibility of Exhibit 4, but also to the

2  admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

3  exhibit.

4      **8.    Exhibit 10 – Investigation Report of Carrie Heimer, Red Wing VP of Human**

5  **Resources**

6    In addition to the general objections set forth above, Helsley specifically objects to the use

7  of Exhibit 10 to support the Plaintiff's Opposition as follows:

8    (a)    *Deficient references.* Plaintiff does not cite with specificity the page or other

9  location of the alleged evidence being offered in support of her argument within Exhibit 10.

10  Specifically, Plaintiff cites Exhibit 10 solely in support of Plaintiff's Concise Statement of Facts

11  supporting her Opposition, at fact #4, merely referencing only "Exh. 10" generally.  Exhibit 10 is

12  a 35 page document summarizing Red Wing's investigation of Plaintiff's sexual harassment claim.

13  The Court is not obliged to undertake the burden of reviewing the entire 35-page document in

14  search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at

15  774-75.

16    (b)    *Hearsay.*  Plaintiff submits Exhibit 10 for the truth of its contents regarding

17  Plaintiff's response to Helsley's allegedly showing her nude photographs. Exhibit 10, in an of

18  itself, is hearsay where, as here, Plaintiff has failed to authenticate the document.  Additionally,

19  even with authentication, the contents of the document further present an additional hearsay

20  problem as they are out-of-court statements made by numerous individuals, other than the preparer

21  of the document, which are being offered for as proof of the matter asserted.  In other words,

22  Exhibit 10 presents a double hearsay issue that does not fall under any exception to the rule.

23  Accordingly, it must be excluded pursuant to Fed. R. Civ. Proc. 801 and 802.

24    (c)    *Relevance.* Plaintiff offers Exhibit 10 in an effort to dispute the element of

25  Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

26  against Helsley.  However, Plaintiff fails to establish the relevance of the information contained in

27  Exhibit 10 to Helsley's state of mind.  Indeed, as offered, the evidence and argument only focus on

28  Plaintiff's state of mind, which is not at issue in the present motion.  Accordingly, the evidence

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                               10                          3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1   has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R.

2   Evid. 401.

3       These objections apply not only to the admissibility of Exhibit 10, but also to the

4   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

5   exhibit.

6       **9.      Exhibit 20 – Deposition of Patrick Tarpey (November 21, 2014)**

7       In addition to the general objections set forth above, Helsley specifically objects to the use

8   of Exhibit 20 to support the Plaintiff's Opposition as follows:

9       (a)     *Misrepresentation of evidence.*   In most every instance that Plaintiff cites Exhibit

10   20, Plaintiff misrepresents its contents to the extent that the contents cited do not support what the

11   Plaintiff claims, rendering the contents of Exhibit 20 irrelevant and inadmissible pursuant to Fed.

12   R. Evid. 401 and 403.

13       (b)     *Relevance.* Plaintiff offers Exhibit 20 in an effort to dispute the element of

14   Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

15   against Helsley.  However, Plaintiff fails to establish the relevance of the testimony contained in

16   Exhibit 20 to Helsley's state of mind.  Accordingly, the evidence has no probative value regarding

17   any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

18       These objections apply not only to the admissibility of Exhibit 20, but also to the

19   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

20   exhibit.

21       **10.      Exhibit 21 – Deposition of Roxane Zayas (August 14, 2014)**

22       In addition to the general objections set forth above, Helsley specifically objects to the use

23   of Exhibit 21 to support the Plaintiff's Opposition as follows:

24       (a)     *Deficient references.* Plaintiff does not consistently cite with specificity the page or

25   other location of the alleged evidence being offered in support of her argument within Exhibit 21.

26   Specifically, Plaintiff cites Exhibit 21 in support of Plaintiff's Concise Statement of Facts

27   supporting her Opposition, at facts #7 and #8, merely referencing only "Exh. 21" generally.

28   Exhibit 21 is the entire transcript of Roxane Zayas's deposition, encompassing approximately 186

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                    11                         3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1    pages of testimony. The Court is not obliged to undertake the burden of reviewing the entire

2    deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the

3    evidence. *Orr*, 285 F.3d at 774-75.

4          (b)    *Misrepresentation of evidence.*  In most every instance that Plaintiff cites Exhibit

5    21, Plaintiff misrepresents its contents to the extent that the contents do not support what the

6    Plaintiff claims, rendering the contents of Exhibit 21 irrelevant and inadmissible pursuant to Fed.

7    R. Evid. 401 and 403.

8          (c)    *Relevance.* Plaintiff offers Exhibit 21 in an effort to dispute the element of

9    Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

10   against Helsley.  However, Plaintiff fails to establish the relevance of the testimony contained in

11   Exhibit 21 to Helsley's state of mind.  Accordingly, the evidence has no probative value regarding

12   any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

13         These objections apply not only to the admissibility of Exhibit 21, but also to the

14   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

15   exhibit.

16         **11.    Exhibit 22 – Walgreen's Prescription Profile for Janell Tarpey[2]**

17         In addition to the general objections set forth above, Helsley specifically objects to the use

18   of Exhibit 22 to support the Plaintiff's Opposition as follows:

19         (a)    *Relevance.* Plaintiff offers Exhibit 22 in an effort to dispute the element of

20   Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

21   against Helsley.  However, Plaintiff fails to establish the relevance of Plaintiff's prescription

22   information contained in Exhibit 22 to Helsley's state of mind.  Indeed, as offered, the evidence

23   and argument only focus on Plaintiff's state of mind, which is not at issue in the present motion.

24   Accordingly, the evidence has no probative value regarding any material fact at issue and is,

25   therefore, inadmissible. Fed. R. Evid. 401.

26   _____

27   [2] It appears that Plaintiff's citation to Exhibit 22, Opp. (Dkt. #75) at 13:17-18, is possibly a
     typographical error.  Helsley asserts her objections here as though it is not an error.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                              12                        3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1    These objections apply not only to the admissibility of Exhibit 22, but also to the

2    admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

3    exhibit.

4        **12.    Exhibit 23 – Jessica Helsley's Responses to Jenell Hoffman Interrogatories**

5    **(November 6, 2014)**

6        In addition to the general objections set forth above, Helsley specifically objects to the use

7    of Exhibit 23 to support the Plaintiff's Opposition as follows:

8        (a)    *Misrepresentation of evidence.*  The purpose for which Exhibit 23 is cited in

9    Plaintiff's Opposition to Helsley's motion is not supported by the evidence cited by Plaintiff –

10   Helsley's response to Interrogatory No. 16.   Moreover, even if Plaintiff had identified the

11   appropriate response – Helsley's Response to Interrogatory No. 11, Plaintiff so misrepresents the

12   contents of Helsley's response that the contents of the exhibit do not support what the Plaintiff

13   claims, rendering the contents of Exhibit 23 irrelevant and inadmissible pursuant to Fed. R. Evid.

14   401 and 403.

15       (b)    *Hearsay.*   Plaintiff submits Exhibit 23 for the truth of its contents regarding

16   Plaintiff's allegation that Helsley fabricated a story about what occurred between Plaintiff and a

17   customer.   However, as detailed in Helsley's Response to Interrogatory No. 11, Helsley is merely

18   reporting what she was told by the customer.  This is the very definition of hearsay: an out-of-

19   court statement which is being offered for proof of the matter asserted.  In other words, as offered,

20   Exhibit 23 presents a hearsay issue that does not fall under any exception to the rule.  Accordingly,

21   it must be excluded pursuant to Fed. R. Civ. Proc. 801 and 802.

22       (c)    *Relevance.* Plaintiff offers Exhibit 23 in an effort to dispute the element of

23   Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

24   against Helsley.  However, Plaintiff fails to establish the relevance of the testimony contained in

25   Exhibit 23 to Helsley's state of mind.  Accordingly, the evidence has no probative value regarding

26   any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

27       These objections apply not only to the admissibility of Exhibit 23, but also to the

28   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                13                    3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

13.   **Exhibit 24 – Deposition of Jennifer Castro (November 7, 2014)**

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 24 to support the Plaintiff's Opposition as follows:

(a)   *Deficient references.* Plaintiff does not cite with specificity the page or other location of the alleged evidence being offered in support of her argument within Exhibit 24. Specifically, Plaintiff cites Exhibit 24 in support of Plaintiff's Concise Statement of Facts supporting her Opposition, at facts #6, #7, and #8, merely referencing only "Exh. 24" generally. Exhibit 4 is the entire transcript of Jennifer Castro's deposition, encompassing approximately 114 pages of testimony. The Court is not obliged to undertake the burden of reviewing the entire deposition transcript in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

(b)   *Speculation.* Every instance for which Plaintiff offers Exhibit 24 as evidence relies on the witness's speculation as evidence.  Speculation is not admissible evidence and, to that end, does not represent evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989) (speculative and/or conclusory allegations that are unsupported by admissible evidence are insufficient to overcome summary judgment).

(c)   *Misrepresentation of evidence.*  In most every instance that Plaintiff cites Exhibit 24, Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff claims, rendering the contents of Exhibit 24 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

(d)   *Relevance.* Plaintiff offers Exhibit 24 in an effort to dispute the element of Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged against Helsley.  However, Plaintiff fails to establish the relevance of the testimony contained in Exhibit 24 to Helsley's state of mind.  Indeed, as offered, the evidence and argument only focus on Plaintiff's state of mind, which is not at issue in the present motion.  Accordingly, the evidence has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

These objections apply not only to the admissibility of Exhibit 24, but also to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1

14

3:13-cv-00633-LRH-VPC

HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit.

14.    **Exhibit 26 – Sales Reports for Harris Salinas Rebar**

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 26 to support the Plaintiff's Opposition as follows:

(a)    *Deficient references.* Plaintiff does not cite with specificity the page or other location of the alleged evidence being offered in support of her argument within Exhibit 26. Specifically, Plaintiff cites Exhibit 26 in support of Plaintiff's Concise Statement of Facts supporting her Opposition, at fact #5, merely referencing only "Exh. 26" generally.  Exhibit 26 is is an eight (8) page document with a number of transactions listed in various forms. The Court is not obliged to undertake the burden of reviewing the entire exhibit in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

(b)    *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by affidavit or otherwise – to support her contention that the information contained in Exhibit 26 represents what Plaintiff's argument claims it represents, rendering it inadmissible. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

(c)    *Speculation.* Every instance for which Plaintiff offers Exhibit 26 as evidence requires the Court to speculate (or, more specifically, buy into Plaintiff's speculation) as to what the evidence actual shows.  Speculation is not admissible evidence and, to that end, does not represent evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989) (speculative and/or conclusory allegations that are unsupported by admissible evidence are insufficient to overcome summary judgment).

(d)    *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 26, Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff claims, rendering the contents of Exhibit 26 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

(e)    *Hearsay.*  Plaintiff submits Exhibit 26 for the truth of its contents regarding Plaintiff's allegation that Helsley engaged in conduct designed to "set up a pretext for firing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                    15                          3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1  Hoffman" by "enter[ing] two transactions to Albarran under Hoffman's number." Exhibit 26, in

2  and of itself, is hearsay where, as here, Plaintiff has failed to authenticate the document.

3  Additionally, even with authentication, the contents of the document further present an additional

4  hearsay problem as they are out-of-court statements made by numerous individuals, other than the

5  preparer of the document, which are being offered for proof of the matter asserted.  In other words,

6  Exhibit 26 presents a double hearsay issue that does not fall under any exception to the rule.

7  Accordingly, it must be excluded pursuant to Fed. R. Civ. Proc. 801 and 802.

8      These objections apply not only to the admissibility of Exhibit 26, but also to the

9  admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

10  exhibit.

11      **15.  Exhibit 34 – Expert Report of Dr. Stephen Reich, J.D./Ph.D., with Expert**

12  **Qualification (June 9, 2012)**

13      In addition to the general objections set forth above, Helsley specifically objects to the use

14  of Exhibit 34 to support the Plaintiff's Opposition as follows:

15      (a)   *Deficient references.* Plaintiff does not cite with specificity the page or other

16  location of the alleged evidence being offered in support of her argument within Exhibit 34.

17  Specifically, Plaintiff cites Exhibit 34 in support of Plaintiff's Concise Statement of Facts

18  supporting her Opposition, at fact #8, merely referencing only "Exh. 34" generally.  Exhibit 34 is

19  a 23 page document, including a 13-page psychological evaluation of Plaintiff. The Court is not

20  obliged to undertake the burden of reviewing the entire exhibit in search of plaintiff's evidence

21  and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

22      (b)   *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 34,

23  Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

24  claims, rendering the contents of Exhibit 34 irrelevant and inadmissible pursuant to Fed. R. Evid.

25  401 and 403.

26      (c)   *Hearsay.*  Plaintiff submits Exhibit 34 for the truth of its contents regarding

27  Plaintiff's allegation that her "inability to fully express her distress over Helsley's activities

28  was…a product of the mental and emotional difficulties she suffered as a result thereof." Exhibit

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                16                              3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

34, in and of itself, is hearsay where, as here, Plaintiff has failed to authenticate the contents of the document.  Additionally, even with authentication, the contents of the document further present an additional hearsay problem as it contains out-of-court statements made by Plaintiff and other individuals, other than the preparer of the document, which are being offered by Plaintiff for proof of the matter asserted.  In other words, Exhibit 34 presents a double hearsay issue that does not fall under any exception to the rule.  Accordingly, it must be excluded pursuant to Fed. R. Civ. Proc. 801 and 802.

(d)     *Relevance.* Plaintiff offers Exhibit 34 in an effort to dispute the element of Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged against Helsley.  However, Plaintiff fails to establish the relevance of Plaintiff's own psychology expert's report contained in Exhibit 34 to Helsley's state of mind.  Indeed, as offered, the evidence and argument only focus on *Plaintiff's* state of mind, which is not at issue in the present motion.  Accordingly, the evidence has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

These objections apply not only to the admissibility of Exhibit 34, but also to the admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit.

### 16.     Exhibit 36 – Screen Shot of Jenell Hoffman in Agony (February 18, 2014)

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 36 to support the Plaintiff's Opposition as follows:

(a)     *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by affidavit or otherwise – to support her contention that the "screen shot" of video footage represents what Plaintiff's argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

(b)     *Speculation.* Every instance for which Plaintiff offers Exhibit 36 as evidence requires the Court to speculate (or, more specifically, adopt Plaintiff's counsel's speculation) as to what the evidence actual shows.  Speculation is not admissible evidence and, to that end, does not represent evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989) (speculative and/or conclusory allegations that are unsupported by admissible evidence are insufficient

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   to overcome summary judgment).

2       (c)   *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 36,

3   Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

4   claims, rendering the contents of Exhibit 36 irrelevant and inadmissible pursuant to Fed. R. Evid.

5   401 and 403.

6       (d)   *Relevance.* Plaintiff offers Exhibit 36 in an effort to dispute the element of

7   Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

8   against Helsley.  However, Plaintiff fails to establish the relevance of the security video "screen

9   shot" of Plaintiff contained in Exhibit 36 to Helsley's state of mind.  Indeed, as offered, the

10  evidence and argument only focus on Plaintiff's state of mind, which is not at issue in the present

11  motion.  Accordingly, the evidence has no probative value regarding any material fact at issue and

12  is, therefore, inadmissible. Fed. R. Evid. 401.

13      (e)   The screen shot of the video footage contained in Exhibit 36 does not fairly and

14  accurately represent what it purports to represent. Fed. R. Evid. 401.

15      (f)   The quality, resolution, and angle of the screen shot contained in Exhibit 36 is

16  inadequate rendering the content indistinct regarding the purpose for which it is offered. To that

17  end, the images contained in the screen shot, especially that of the most relevant image - Plaintiff's

18  face, are substantially distorted, dark, and blurry. Fed. R. Evid. 401, 403.

19      (g)   The screen shot contained in Exhibit 36 omits important related material – images

20  of events immediately preceding and following the moment captured – the exclusion of which

21  renders the evidence confusing, misleading, and incomplete for the purposes for which it is being

22  offered. Fed. R. Evid. 403.

23      (h)   *Best evidence rule.* The screen shot from security video footage taken February 18,

24  2012, produced by Plaintiff as Exhibit 1.6.  Plaintiff is offering the photograph, without

25  authentication or proper foundation, to prove its contents – that Plaintiff was "in agony."  Rule

26  1002 of the Federal Rules of Evidence requires the proponent of such evidence to proffer the

27  original as the best evidence of its contents.  The best evidence in this case is the video footage.

28  Thus, exclusion of Exhibit 36 is proper under Rule 1002.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                    18                        3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1    These objections apply not only to the admissibility of Exhibit 36, but also to the

2    admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

3    exhibit.

4         **17.    Exhibit 37 – Sales Slips for Alleged Theft Transaction**

5    In addition to the general objections set forth above, Helsley specifically objects to the use

6    of Exhibit 37 to support the Plaintiff's Opposition as follows:

7    (a)    *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by

8    affidavit or otherwise – to support her contention that Exhibit 37 represents what Plaintiff's

9    argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

10   (b)    *Speculation.* Every instance for which Plaintiff offers Exhibit 37 as evidence

11   requires the Court to speculate (or, more specifically, adopt Plaintiff's speculation) as to what the

12   evidence actual shows.  Speculation is not admissible evidence and, to that end, does not represent

13   evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989) (speculative and/or

14   conclusory allegations that are unsupported by admissible evidence are insufficient to overcome

15   summary judgment).

16   (c)    *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 37,

17   Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

18   claims, rendering Exhibit 37 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

19   These objections apply not only to the admissibility of Exhibit 37, but also to the

20   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

21   exhibit.

22        **18.    Exhibit 40 – E-mails RE: Investigation into Termination of Jenell Hoffman**

23   In addition to the general objections set forth above, Helsley specifically objects to the use

24   of Exhibit 40 to support the Plaintiff's Opposition as follows:

25   (a)    *Deficient references.* Plaintiff does not cite with specificity the page or other

26   location of the alleged evidence being offered in support of her argument within Exhibit 40.

27   Specifically, Plaintiff cites Exhibit 40 in support of her contention that "[s]uspcious transactions

28   under Hoffman's number started in November 2011, mere weeks into Hoffman's employment,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                           19                    3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

beginning with a sale and return to Albarran." *See* Opposition (Dkt. #75) at 9:8-10.  Exhibit 34 is a 39 page document consisting of emails and notes relating to Red Wing's investigation into her termination. The Court is not obliged to undertake the burden of reviewing the entire exhibit in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d at 774-75.

(b)     *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 40, Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff claims, rendering the contents of Exhibit 40 irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 403.

(c)     *Hearsay.*   Plaintiff submits Exhibit 40 for the truth of its contents regarding "suspicious transactions" entered under Plaintiff's employee number. Exhibit 40, in and of itself, is hearsay where, as here, Plaintiff has failed to authenticate the document.   Additionally, even with authentication, the contents of the document further present an additional hearsay problem as they are out-of-court statements made by numerous individuals, other than the preparer of the document, which are being offered for as proof of the matter asserted.  In other words, Exhibit 40 presents a double hearsay issue that does not fall under any exception to the rule.  Accordingly, it must be excluded pursuant to Fed. R. Civ. Proc. 801 and 802.

(d)     *Relevance.* Plaintiff offers Exhibit 40 in an effort to dispute the element of Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged against Helsley.  However, Plaintiff fails to establish the relevance of the evidence contained in Exhibit 40 to Helsley's state of mind.  Accordingly, the evidence has no probative value regarding any material fact at issue and is, therefore, inadmissible. Fed. R. Evid. 401.

These objections apply not only to the admissibility of Exhibit 40, but also to the admissibility of the alleged "factual contentions" which Plaintiff purports to support by the exhibit.

### 19.     Exhibit 50 – Medical & ER Records for Jenell Tarpey

In addition to the general objections set forth above, Helsley specifically objects to the use of Exhibit 50 to support the Plaintiff's Opposition as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                                     20                                          3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1   (a)   *Deficient references.* Plaintiff does not cite with specificity the page or other

2   location of the alleged evidence being offered in support of her argument within Exhibit 50.

3   Specifically, Plaintiff cites Exhibit 50 in support of her contentions regarding her medical

4   damages. *See* Opposition (Dkt. #75) at 13:8-18.  Exhibit 50 is a 21 page document consisting of

5   medical records. The Court is not obliged to undertake the burden of reviewing the entire exhibit

6   in search of plaintiff's evidence and the defect warrants exclusion of the evidence. *Orr*, 285 F.3d

7   at 774-75.

8   (b)   *Foundation.* Plaintiff fails to provide the testimony of a percipient witness – by

9   affidavit or otherwise – to support her contention that Exhibit 50 represents what Plaintiff's

10   argument claims it represents. Fed. R. Evid. 901(a); *Orr*, 285 F.3d at 764.

11   (c)   *Speculation.* Every instance for which Plaintiff offers Exhibit 50 as evidence

12   requires the Court to speculate (or, more specifically, adopt Plaintiff's counsel's speculation) as to

13   what the evidence actual shows.  Speculation is not admissible evidence and, to that end, does not

14   represent evidence of a material fact. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989)

15   (speculative and/or conclusory allegations that are unsupported by admissible evidence are insufficient

16   to overcome summary judgment).

17   (d)   *Misrepresentation of evidence.*  In every instance that Plaintiff cites Exhibit 50,

18   Plaintiff misrepresents its contents to the extent that the contents do not support what the Plaintiff

19   claims, rendering the contents of Exhibit 50 irrelevant and inadmissible pursuant to Fed. R. Evid.

20   401 and 403.

21   (e)   *Hearsay.*  Plaintiff submits Exhibit 50 for the truth of its contents regarding the

22   cause of her alleged medical damages. Exhibit 50, in and of itself, is hearsay where, as here,

23   Plaintiff has failed to authenticate the document.  Additionally, even with authentication, the

24   contents of the document further present an additional hearsay problem as it contains out-of-court

25   statements made by numerous individuals, other than the preparer of the document, which are

26   being offered for as proof of the matter asserted.  In other words, Exhibit 50 presents a double

27   hearsay issue that does not fall under any exception to the rule.  Accordingly, it must be excluded

28   pursuant to Fed. R. Civ. Proc. 801 and 802.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4506-2946.1                                    21                          3:13-cv-00633-LRH-VPC
HELSLEY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1   (f)   *Relevance.* Plaintiff offers Exhibit 50 in an effort to dispute the element of

2   Helsley's "intent" in Plaintiff's claim for intentional infliction of emotional distress alleged

3   against Helsley.   However, Plaintiff fails to establish the relevance of Plaintiff's own medical

4   records contained in Exhibit 50 to Helsley's state of mind.  Indeed, as offered, the evidence and

5   argument only focus on Plaintiff's state of mind, which is not at issue in the present motion.

6   Accordingly, the evidence has no probative value regarding any material fact at issue and is,

7   therefore, inadmissible. Fed. R. Evid. 401.

8   These objections apply not only to the admissibility of Exhibit 50, but also to the

9   admissibility of the alleged "factual contentions" which Plaintiff purports to support by the

10   exhibit.

11   Respectfully submitted,

12   DATED this 9th day of March, 2015.

13

14   LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16

17   By ___/s/ Kristol Bradley Ginapp___

18   KRISTOL BRADLEY GINAPP
    Nevada Bar No. 8468

19   CAYLA WITTY
    Nevada Bar No. 12897

20   6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, Nevada 89118

21   Tel. 702.893.3383

22   Attorneys for Defendant Jessica Helsley

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH, LLP, and that on the 9th day of March, 2015, I did cause a true copy of the foregoing **DEFENDANT JESSICA HELSLEY'S MEMORANDUM OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO HELSLEY'S MOTION FOR SUMMARY JUDGMENT** to be served by electronically mailing a true and correct copy through LEWIS BRISBOIS BISGAARD & SMITH, LLP's electronic mail system to the e-mail addresses set forth below.

Scott R. Daniel, Esq.
THE DANIEL FIRM
200 S. Virginia St., 8th Floor
Reno, Nevada 89501
Tel: (775) 686-2418
Fax: (775) 201-0653
Email: scott.daniel@danielfirm.com
*Attorney for Plaintiff*
*Jenell K. Hoffman*

Shannon S. Pierce, Esq.
FENNEMORE CRAIG JONE VARGAS
300 East Second Street, Suite 1510
Reno, Nevada 89501
Tel:  (775)788-2200
Fax:  (775) 786-1177
Email: spierce@fclaw.com
*Attorneys for Defendants*
*Red Wing Brands of America, Inc.,*
*Jason Pfau and Charles Cavanaugh*

By: /s/ *Kristol Bradley Ginapp*
An Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

